**SIXTH AVENUE LIQUORS, INC., a Colorado Corporation, Plaintiff-Appellant,**

v.

**John B. KALBIN, Director of Excise and Licenses for the City and County of Denver, Defendant-Appellee.**

**No. 79CA0963.**

Colorado Court of Appeals, Div. I.

April 24, 1980.

Rehearing Denied May 22, 1980.

Zuckerman & Sobol, P. C., Leo T. Zuckerman, Michael J. Kleinman, Denver, for plaintiff-appellant.

Max P. Zall, City Atty., Lee G. Rallis, Larry L. Bohning, Asst. City Attys., Denver, for defendant-appellee.

COYTE, Judge.

Plaintiff appeals the trial court judgment affirming defendant's refusal to accept plaintiff's application for transfer of the location of his retail liquor store license. We affirm.

It is undisputed that within the two years preceding plaintiff's application for transfer, the local licensing authority had denied plaintiff's original application for a retail liquor store license at the same location because of the adequacy of other outlets. Hence, the sole issue on appeal is whether the holder of a liquor license can apply for a transfer of his license to a facility where, during the preceding two years, a license has been denied for the reason that the reasonable requirements of the neighborhood and the desires of the inhabitants were being satisfied by existing outlets.

After the local license authority approves *any* application, the state licensing authority must either approve or disapprove the decision of the local board. Section 12–47–137(5), C.R.S. 1973 (1978 Repl.Vol. 5).

Section 12–47–107(3), C.R.S. 1973 (1978 Repl.Vol. 5), concerning application to the state licensing authority, provides in pertinent part:

"*No application to have a retail liquor store license . . . at a particular location* shall be received or acted upon concerning a location for which, within two years preceding, the appropriate licensing authority has refused to approve any one of the foregoing types of licenses on the ground, in whole or in part, that the licenses already granted for the particular locality were adequate for the reasonable requirements of the neighborhood and the desires of the inhabitants at the time of [the] refusal." (emphasis added)

Thus, under the circumstances of this case, even if the local licensing authority could receive an application for change of location, the state license could not be granted.

Additionally, § 12–47–138(1)(a), C.R.S. 1973 (1978 Repl.Vol. 5) concerning applications to local licensing authorities, provides:

"(1) No application for the issuance of any license specified in § 12–47–135(1) shall be received or acted upon:

(a) if, within the two years next preceding the date of the application, either the state or local licensing authority has denied an application at the same location for the reason that the reasonable requirements of the neighborhood and the desires of the inhabitants were satisfied by the existing outlets . . . ."

Hence, for two years following the pertinent license denial, neither the local licensing authority under § 12–47–138(1)(a), C.R.S. 1973 (1978 Repl.Vol. 5), nor the state licensing authority under § 12–47–107(3), C.R.S. 1973 (1978 Repl.Vol. 5) may receive or act upon plaintiff's application to transfer its present retail store license to the desired location.

Judgment affirmed.

SMITH and KELLY, JJ., concur.